## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**ALISA JOHNSON**, *et al.*,

      *Plaintiffs*,

    **v.**

**ACTIVEHOURS, INC.,**

      *Defendant.*

**Civil No.: 1:24-cv-02283-JRR**

## SCHEDULING ORDER

This scheduling order is entered pursuant to Local Rule 103.9. Inquiries concerning the schedule should be directed to chambers, not the Clerk's Office. Any request for modification of this order, or request that a conference be held for the purpose of seeking a modification of this order, must be filed in writing before the first date set forth in Paragraph I below. Thereafter, **the schedule will not be changed except for good cause.** This case is subject to electronic filing. All parties must be familiar with the procedures for electronic filing available at: www.mdd.uscourts.gov. Inquiries regarding electronic case filing should be directed to the Clerk's Office, not chambers.

## I.    DEADLINES

| | |
|---|---|
| September 29, 2025: | Initial Joint Status Report, *see* Part II |
| | Note: The parties shall indicate in the Initial Joint Status Report whether they require a Rule 16 Conference Call. |
| October 30, 2025: | Moving for joinder of additional parties and amendment of pleadings |
| November 14, 2025: | Plaintiff's Rule 26(a)(2) disclosures |
| December 15, 2025: | Defendant's Rule 26(a)(2) disclosures |
| December 29, 2025: | Plaintiff's rebuttal Rule 26(a)(2) disclosures |
| January 5, 2026: | Rule 26(e)(2) supplementation of disclosures and responses |
| January 28, 2026: | Discovery deadline; submission of status report |

February 4, 2026:              Requests for admission

February 27, 2026:            Dispositive pretrial motions deadline

## II.    INITIAL JOINT STATUS REPORT

By the deadline listed above, the parties must submit an Initial Joint Status Report including the following:

A.  **Requests for Modifications.**  The parties shall delineate any modifications they believe are necessary to the deadlines, default deposition hour limit, or other provisions of the Scheduling Order.  Any requests to modify the Scheduling Order must be accompanied by proposed new deadlines, deposition hour limits, or other amendments; a comparison of the proposed deadlines, deposition hour limits, or other amendments to the original terms; and an explanation of why the modification is needed.

B.  **Report on Consent to Proceed Before a United States Magistrate Judge.**  The parties shall report on whether they consent, pursuant to 28 U.S.C. § 636(c), to have all further proceedings before a Magistrate Judge.  Magistrate Judges are generally able to oversee civil cases and conduct civil trials more efficiently than United States District Judges, because of the District Judges' caseload.   If the parties consent to have their case proceed before a Magistrate Judge, each party shall complete the Consent Form, available at www.mdd.uscourts.gov/sites/mdd/files/forms/ConsentMagistrateJudge.pdf  and  docket those completed forms on CM/ECF as "Correspondence."

C.  **Report on Participation in Mediation with a United States Magistrate Judge.**  If the parties wish to participate in a mediation session with a Magistrate Judge, whether before, during, or after discovery, they shall provide a target date when they would like mediation to occur.  This request will not postpone discovery unless otherwise ordered. Parties should be aware that mediation sessions are generally booked several months in advance. If the parties seek a date within the next two months, they shall explain why an expedited session is necessary.  The parties will be contacted by the assigned Magistrate Judge to schedule the mediation session.  Note that if the parties choose to proceed before a Magistrate Judge for all further proceedings, a different Magistrate Judge will be assigned to the mediation session.

D.  **Report on the Scope of Discovery**. The parties shall provide a joint summary of the anticipated nature and extent of discovery in this case, with a view towards minimizing wasteful and unnecessary discovery.

## III.    DISCOVERY

A.  **Rules Governing Discovery Disclosures.**  Unless otherwise specified herein or by other court order, the parties shall conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules.  Parties shall also be familiar with the Discovery Guidelines of this court, contained in Appendix A to the Local Rules.  Appendix D

contains guidelines for form discovery requests and confidentiality orders.

**B. Deposition Hours.** Please confer with one another immediately concerning the number of depositions hours appropriate for the case. Traditionally, both sides are allotted an equal number of deposition hours; however, the parties are free to agree to a different number of hours per side. If I have not heard from you by the date set forth in Section I, each side shall be limited to 15 hours of depositions of fact witnesses (including parties). If you agree to another number of deposition hours and notify me of your agreement, you may consider your agreement approved unless you hear from me to the contrary within 10 days. If there are two or more parties on a particular side, they must share the deposition time allotted to their side unless upon your request I otherwise rule. Any colloquy engaged in by counsel shall be counted against his/her client's deposition time. The duration of the depositions of 26(a)(2) and 30(b)(6) witnesses are in accordance with the Federal Rules of Civil Procedure and the Local Rules.

**C. Electronically-Stored Information (ESI).** If either or both parties intend to take discovery of ESI, counsel should review the Principles for the Discovery of Electronically Stored Information in Civil Cases. The Principles, prepared by a joint bench/bar committee, are available at www.mdd.uscourts.gov/sites/mdd/files/ESI-Principles.pdf. The parties are expected to cooperate in determining the search technology, methodology, and criteria to be employed, and the custodians whose files are to be searched, to comply with discovery requests for ESI.

## IV.  POST-DISCOVERY JOINT STATUS REPORT

On the day of the Discovery Deadline, *see* Part II, the parties shall file a Post-Discovery Joint Status Report covering the following matters:

1. Whether discovery has been completed;
2. Identifying by title and CM/ECF number all pending motions, if any;
3. Whether any party intends to file a dispositive pretrial motion;
4. Whether the case is to be a jury trial or a non-jury trial, as well as the anticipated length of trial;
5. A certification that the parties have met to conduct earnest settlement negotiations, to include the date, time, and place of all settlement meetings, as well as the names of all persons participating;
6. Whether each party believes it would be helpful to refer this case to a United States Magistrate Judge for a settlement conference, either before or after the resolution of any dispositive pretrial motion;
7. Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a United States Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment; and
8. Any other matter the parties wish to bring to the court's attention.

## V.  DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2(c) apply.  After all dispositive motions and any responses have been filed, the court will advise the parties if a hearing is to be scheduled.

## VI.    PRETRIAL CONFERENCES

After receiving the Post-Discovery Joint Status Report, the court will schedule an Initial Pretrial Conference, unless the Post-Discovery Joint Status Report indicates that a dispositive pretrial motion will be filed. In such a case, the court will schedule the Initial Pretrial Conference following ruling on the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

At the Initial Pretrial Conference, the court will:

1.  Set a deadline for submitting the pretrial order pursuant to Local Rule 106, motions *in limine*, proposed voir dire questions, and proposed jury instructions;
2.  Set the Final Pretrial Conference date and a trial date; and
3.  Inquire whether a settlement or other ADR conference with a judicial officer would be useful.  Counsel are expected to confer with their clients about this matter before the Initial Pretrial Conference so they can respond to this inquiry.

## VII.    ATTORNEYS' FEES

In any case where attorney's fees may be sought by the prevailing party, counsel must be familiar with Local Rule 109.2 and Appendix B of the Local Rules: Rules and Guidelines for Determining Attorneys' Fees in Certain Cases.

## VIII.    COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2, which has detailed requirements requiring the redaction of filings with this court that contain an individual's social security number, tax payer identification number, or birth date; the name of an individual known to be a minor; or a financial account number.  It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008, available at www.mdd.uscourts.gov/news/notice-new-privacy-rules-and-judicial-conference-privacy-policy-2008-03-18t000000.

Date:  September 15, 2025         /s/
                                  Julie R. Rubin
                                  United States District Judge