**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ALISA JOHNSON, LAURA DAY, and KOREY THOMAS, | |
| Plaintiffs, | |
| v. | Case No. 1:24-cv-02283-JRR |
| ACTIVEHOURS, INC. d/b/a EARNIN, | |
| Defendant. | |

**<u>JOINT STATUS REPORT</u>**

Plaintiffs Alisa Johnson, Laura Day, and Korey Thomas ("Plaintiffs") and Defendant Activehours, Inc. d/b/a EarnIn ("Defendant" or "EarnIn") (collectively, the "Parties"), by and through their attorneys and pursuant to the Court's Scheduling Order dated September 15, 2025 [Doc. 33], submit the following Joint Status Report:

**I.      Request for Modification to the Scheduling Order**

The Parties agree that changes to the Scheduling Order [Doc. 33] are warranted based on the complex issues in this matter, including that Plaintiffs seek to certify a purported class, and that reasonable, additional discovery will be needed beyond merits-related discovery to explore those issues.  The Parties also agree that incorporating a separate briefing period for class certification issues into the schedule during the fact discovery period will promote efficiency.  The Parties further respectfully submit that it will be more beneficial and efficient to schedule expert-related discovery on the merits of the claims and defenses after the close of fact discovery.

The Parties have met and conferred and have agreed on the following proposed schedule, with the exception of one deadline, as explained below:

| Event | Original Scheduling Order Deadline | Proposed Deadline |
|---|---|---|
| Moving for Joinder of Additional Parties and Amendment of Pleadings | October 30, 2025 | October 30, 2025 (no change) |
| Motion for Class Certification and Plaintiffs' Expert Report(s) re Class Certification Due | N/A | February 3, 2026 |
| Opposition to Motion for Class Certification and Defendant's Expert Report(s) re Class Certification Due | N/A | March 20, 2026 |
| Reply in Support of Motion for Class Certification and Rebuttal Expert Report(s) re Class Certification Due | N/A | April 3, 2026 |
| Close of Fact Discovery | January 28, 2026 | August 14, 2026 |
| Plaintiffs' Rule 26(a)(2) Disclosures and Reports Due | November 14, 2025 | September 7, 2026 |
| Defendant's Rule 26(a)(2) Disclosures Due | December 15, 2025 | October 7, 2026 |
| Plaintiffs' Rebuttal Rule 26(a)(2) Disclosures Due | December 29, 2025 | October 21, 2026 |
| Rule 26(e)(2) Supplementation of Disclosures and Responses Due | January 5, 2026 | October 28, 2026 |
| Close of Expert Discovery | January 28, 2026 | December 2, 2026 |
| Submission of post-discovery status report to include proposed briefing schedule on dispositive and *Daubert* motions | January 28, 2026 | December 16, 2026 |

The Parties disagree as to whether the Court's Scheduling and Discovery Orders require a Rule 26(a)(1)(A)(iii) disclosure regarding the calculation of damages.

Plaintiffs' Position

Plaintiffs read the Court's Orders as not requiring a Rule 26(a)(1)(A)(iii) disclosure, as the Discovery Order states only that the disclosure shall be made "[b]y the date set in the Scheduling Order," but the Scheduling Order sets no date for the disclosure.

Defendant's Position

Defendant disagrees and believes that the Orders require the disclosure based on the

2

Discovery Order's explicit language stating that: 1) the damages disclosure under Rule 26(a)(1)(A)(iii) *is required* and 2) the remaining three categories of disclosures under Rule 26(a)(1)(A) are *not required*.

The Parties therefore seek guidance on this issue. If the Orders require this disclosure, the Parties ask that it be scheduled to be made by December 5, 2025.

## II.     Request for Modification to the Discovery Allotments

The Parties were unable to reach agreement on the presumptive limit of 15 hours for each side to take fact witness depositions (including parties). The following are the Parties' positions:

<u>Defendant's Position</u>

Defendant believes that the default allotted 15 hours for fact witness depositions (including parties) is sufficient. Plaintiffs' proposal seeks to more than double the presumptive deposition hour limit without establishing why the Court should permit such broad and extended deposition discovery, or how such an increase of deposition hours is proportional to what is at issue on the remaining claims and defenses in this case. Rather, Plaintiffs request a 133% increase of the allotted deposition hours based on a presumption that they will depose up to 10 fact witnesses. The Court's dismissal of Count II (Violation of the Maryland Consumer Protection Act) renders certain information related to the EarnIn products accessed by Plaintiffs, such as advertisements and other marketing, irrelevant to the Parties' claims and defenses. EarnIn does not anticipate that fact depositions of as many as 10 company witnesses will be warranted to address the narrower claims and defenses relevant to Count I (Violation of the Maryland Consumer Loan Law) and Count III (Violation of the Truth in Lending Act), i.e., whether EarnIn's products constitute a loan under Count I or a credit transaction under Count III. Permitting more than twice the number of presumptive deposition hours would be premature at this stage of the lawsuit, especially taking into consideration the narrowed claims at issue.

Further, the Court is aware of the *Orubo v. Activehours, Inc.*, Case No. 5:24-cv-04702-PCP (N.D. Cal.), and *Golubiewski v. Activehours, Inc.*, Case No. 3:22-cv-02078 (M.D. Pa.), cases pending in other jurisdictions brought by the same Plaintiffs' counsel alleging similar claims

against EarnIn. Despite Plaintiffs' assertions otherwise, there is no expectation that EarnIn, the sole defendant in each lawsuit, will be represented by multiple firms at any coordinated fact depositions, or that EarnIn's representation would at all impact the number of hours the Parties are on the record at a deposition. Moreover, "case specific" issues for these different cases may be more present in the depositions of Plaintiffs than in the fact depositions of EarnIn witnesses about EarnIn's products and legal questions regarding whether those products complied with differing state loan laws.

Based on the Parties' good faith agreement to cooperate to limit the need for duplicative discovery in this case and the dismissal of Count II, Plaintiffs' request to increase the default limit to 35 hours is premature and the default 15 hours for each side's fact witness depositions is sufficient in this case. If circumstances change during the course of discovery, Plaintiffs can request additional deposition hours and Defendant will respond accordingly.

Plaintiffs' Position

Plaintiffs disagree and propose 35 hours per side for fact witness depositions. Plaintiffs anticipate Defendant will identify 5–10 fact witnesses. This will allow for a 7-hour Rule 30(b)(6) deposition, and 4 hours for each fact witness, to the extent Defendant identifies 7 or less fact witnesses. If Defendant identifies as many as 10 fact witnesses, this will allow for a 7-hour Rule 30(b)(6) deposition, and 2.8 hours for each fact witness. EarnIn states that it does not "anticipate" that as many as 10 fact witnesses will be identified, but does not state the number of fact witnesses it may identify, and does not otherwise dispute that the number will be between 5 and 10. Although Plaintiffs, consistent with Rule 1, will reasonably attempt to limit the length of any depositions that may occur, they believe that the default hours should be 35 at this early stage of the case, given the number of potential witnesses that EarnIn may identify.

Although Plaintiffs will attempt to avoid duplicate discovery, EarnIn's proposed limitation is unworkable. First, to the extent the parties can coordinate depositions, that likely would require more time for each deposition—to address case specific issues, to address case specific objections, and to accommodate the various teams of attorneys that will be present. Second, to the extent the

parties are able to use depositions across cases, this case could be the first where depositions would occur. If that is the case, 35 hours could be necessary. And it is possible this case may be the first to schedule and conduct depositions because EarnIn filed a motion for judgment on the pleadings in *Orubo* (after its motion to dismiss was denied). That motion is scheduled for argument on November 20, 2025. If granted, depositions (which are not yet scheduled in *Orubo*) will not go forward (unless an appeal is successful). Third, even if depositions are consolidated, there still may be a Rule 30(b)(6) deposition and somewhere between 5–10 fact witness depositions. If Plaintiffs' deposition hours are limited to 15, the consolidated depositions will be limited to 15 hours, even though the other cases have not imposed such a limit. And that 15-hour limitation would provide for a 7 hour Rule 30(b)(6) deposition, and only 1.8 hours for each fact witness if EarnIn identifies only 5 fact witnesses, or 0.8 hours for each fact witness if EarnIn identifies 10. For these reasons, Plaintiffs respectfully submit that 35 hours is appropriate at this early stage of the case.

Plaintiffs also disagree that the dismissal of Count II is sufficient to limit depositions to 15 hours. As explained above, the number of potential fact witnesses makes 35 hours reasonable. EarnIn also claims the dismissal of Count II makes certain categories of documents irrelevant, but EarnIn then identifies only one category that has purportedly become irrelevant—advertisements and marketing materials. Eliminating only one category of documents does not make it appropriate to provide 15 hours for depositions of a Rule 30(b)(6) witness and potentially 5–10 fact witnesses. Plaintiffs also disagree that the dismissal of Count II eliminates the relevance of EarnIn's advertisements or marketing materials. While that objection is not yet before the Court, Plaintiffs plan to respond to this objection should EarnIn raise it in response to Plaintiffs' discovery, which was served on September 17, 2025.

<u>Requests for Production</u>

The Parties agree to a modification of the default allotted 30 Requests for Production and request that the Court permit 40 Requests for Production per side. It is the Parties' position that this proposed modification will accommodate fulsome discovery on the claims and defenses at issue.

**III.    Report on Consent to Proceed Before a United States Magistrate Judge**

After consideration and discussion between the Parties, the Parties do not consent to the transfer of the instant case to a United States Magistrate Judge for all further proceedings.

**IV.    Report on Participation in Mediation With a United States Magistrate Judge**

After consideration and discussion between the Parties, the Parties are amenable to participating in a settlement conference with a Magistrate Judge after the class certification motion has been ruled upon.  The target date is dependent on the Court's ruling on the Parties' requests for modifications to the Scheduling Order.  *See supra* Section I.

**V.    Report on the Scope of Discovery**

The Parties anticipate that discovery will include discovery of information and records relating to Plaintiffs, potentially including the purported class, and the EarnIn services they accessed.  The Parties reserve the right to object to discovery requests and the scope of depositions.

Dated:  September 29, 2025

Respectfully submitted*,*

*/s/ Raquel L. Flynn*
Raquel L. Flynn (Bar No. 30591)
Jason C. Rose (Bar No. 27684)
VENABLE LLP
750 E. Pratt Street, Ste. 900
Baltimore, Maryland 21202
Telephone: (410) 244-7454
Facsimile: (410) 244-7742
RLFlynn@Venable.com
JCRose@Venable.com

*Attorneys for Defendant Activehours, Inc.*

*/s/ Kevin Abramowicz*
**(signed electronically by Raquel Flynn with permission from Kevin Abramowicz)**
Kevin Abramowicz
Kevin Tucker
East End Trial Group LLC
6901 Lynn Way, Suite 503
Pittsburgh, PA 15208
Tel: (412) 223-5740
Fax: (412) 626-7101
kabramowicz@eastendtrialgroup.com
ktucker@eastendtrialgroup.com

6

Jason S. Rathod
Miglaccio & Rathod LLP
412 H St NE
Suite 302
Washington DC 20002
Tel: (202) 470-3520
Fax: (202) 800-2730
jrathod@classlawdc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

*s/ Raquel L. Flynn*
Raquel L. Flynn
